UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DALE WINTERS**        **DOC #97431** | **:** | **CIVIL ACTION NO. 15-cv-553**                     **SECTION P** |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| **VIC SALVADOR** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Dale Winters (hereinafter "Winters"). Winters is a pre-trial detainee housed at Calcasieu Correctional Center in Lake Charles, Louisiana. He alleges that he is being unlawfully detained in violation of his constitutional rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE.**

### I.
#### BACKGROUND

Winters was arrested in Louisiana on June 7, 2011, and indicted by a grand jury sitting in Calcasieu Parish, Louisiana, on July 7, 2011. Doc. 1, p.1. He has been incarcerated since his arrest, but has not been brought to trial. Doc. 1, p. 2. Winters alleges that he has "tried every avenue available . . . to enforce his rights to a speedy trial, but to no avail." Doc. 1, p. 5. Winters filed a Motion to Quash on January 7, 2014, claiming he was not afforded his right to a speedy trial. Doc.

1, p. 2. The Fourteenth Judicial District Court denied the motion on April 10, 2014. Doc. 1, att. 1, p. 11. He also filed a Motion to Resolve on February 17, 2014, but states that he did not receive a ruling on same. Doc. 1, p. 2-3. Winters claims he filed a petition for writ of *habeas corpus* on February 27, 2015, in the Fourteenth Judicial District Court, but alleges that the court has not responded. Doc. 5, p. 8.

Winters filed the instant *habeas corpus* petition alleging that the State of Louisiana violated his right to a speedy trial. As relief, he seeks his immediate release from custody and to have the indictment dismissed. Doc. 1, p. 9.

## II.
### LAW AND ANALYSIS

Winters is a pre-trial detainee who is challenging his present detention. Thus, his petition is properly filed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *See Stringer v. Williams*, 161 F.3d 259, 261-262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997), *Dickerson v. Louisiana*, 816 F .2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987). Since Winters is incarcerated within the Western District and seeks to enforce a speedy trial claim in Calcasieu Parish, which is also in this District, this court has jurisdiction to consider his *habeas corpus* claim.

In regard to *habeas* petitions filed under 28 U.S.C. § 2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to § 2241 to first exhaust state court remedies before seeking federal intervention. *See Dickerson*, 816 F.2d at 224–225; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973); *Robinson v. Wade*, 686 F.2d 298, 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state

remedies has been held a necessary prelude to its invocation."). In order to satisfy the exhaustion requirement, Winters must have provided all state courts that could review the matter with a fair opportunity to review his *habeas corpus* claims before proceeding in federal court. *Anderson v. Harless*, 459 U.S. 4 (1982).

Federal courts should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a habeas petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *See Dickerson*, 816 F.2d at 225, citing *Braden*, 410 U.S. at 489–92. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493; *Dickerson*, 816 F.2d at 225–226.

The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring him promptly to trial. *See Dickerson*, 816 F.2d at 225. In *Brown v. Estelle* the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

530 F.2d 1280, 1283 (5th Cir.1976). Winters seeks his immediate release from custody and the dismissal of indictment. Thus, exhaustion of state remedies must occur before this court may intervene.

Further, Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of their custody. See La. C. Cr. P. arts. 351 et seq. Louisiana also provides a statutory remedy for

the violation of a criminal defendant's right to a speedy trial.  See La. C. Cr. P. art. 701.  Further, through the Motion to Quash, Louisiana criminal defendants may raise the issue of the timeliness of their prosecution.  See La. C. Cr. P. arts. 531 et seq., and arts. 571 et seq.  Winters states that he filed a motion to quash and a petition for writ of habeas corpus in the judicial district court.  However, he does not allege that he sought to invoke the supervisory jurisdiction of the appropriate court of appeal and, if necessary, the Louisiana Supreme Court.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED THAT** the application for writ of *habeas corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE AND SIGNED in Chambers this 29th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE